IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-14267-CIV-MOORE/LYNCH

MICHAEL CHARNEY,

    Plaintiff,

vs.

SEARS, ROEBUCK, AND CO.,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE EXPERT AND FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion to Exclude Plaintiff's Purported Expert and for Summary Judgment (ECF No. 34). Plaintiff filed a Response (ECF No. 42). A Reply was also filed (ECF No. 45). The Motion is now ripe for review.

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises of the case, the Court enters the following Order.

I.    **BACKGROUND**[1]

This is a product liability action involving a fire, a refrigerator, and a doublewide mobile home. On or about May 26, 2008, Plaintiff Michael Charney ("Charney") awoke to a loud noise and the smell of smoke in his Port St. Lucie mobile home. He discovered there was a fire in his kitchen.

---

[1] The facts here are taken from the Complaint (ECF No. 1) and from both Defendant's Statement of Material Facts (ECF No. 35) and Plaintiff's Statement of Material Facts (ECF No. 43). They are construed in a light most favorable to Plaintiff.

He attempted to put it out with a garden hose, but to no avail. The fire destroyed his home and injured him physically. Charney believes the fire originated in his refrigerator, a Kenmore Top Mount Refrigerator Freezer, Model # 70822, which he purchased from Defendant Sears, Roebuck, and Company ("Sears") in March 2001. On October 14, 2010, Charney filed the present action against Sears for the personal injuries he suffered as a result of the fire. He alleges negligence (Count I); strict liability for a manufacturing defect (Count II); negligence for defective warnings (Count III); and strict liability for a design defect (Count IV).

Sears is now moving to strike Charney's only expert and for summary judgment on all counts. In the course of this litigation, Plaintiff retained an expert, Peter Coste ("Coste") who has opined that the cause of the fire was due to an electrical fault in the ice maker in the freezer compartment of the refrigerator. Sears vehemently objects to the methodology used by Coste and asks the Court to exclude his opinion because it is unreliable. Additionally, Sears argues that because there is no proof of a defect in the refrigerator, it is entitled to summary judgment on all counts.

## II. STANDARD OF REVIEW

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

> A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials."

Ritchey v. S. Nuclear Operating Co., No. 10–11962, 2011 WL 1490358, at *1 (11th Cir. Apr.20,

2011) (quoting Fed. R. Civ. P. 56(c)(1)). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc.,121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III. ANALYSIS

#### A. Counts III and IV Shall Be Dismissed

As an initial matter, there is simply no evidence in the record that supports Plaintiff's theories of defective warning or design defect. Coste does not offer an opinion on either of these claims. See Coste Dep. 20: 3-8; 83:13-15 (ECF No. 34-1). He only maintains the fire was the result of a manufacturing defect in the ice maker. Having no other information or evidence with respect to any alleged defective warning or design defect, the Court must dismiss Counts III and IV.

#### B. Reliability of Expert Coste's Opinion

The Plaintiffs have challenged the reliability of the opinion of Defendant expert Peter Coste. Federal Rule of Evidence 702 sets out the following requirements for expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2)

the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The U.S. Supreme Court's decision in <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579 (1993), and its progeny, govern the application of Rule 702.

Under Rule 702 and <u>Daubert</u>, district courts must act as "gatekeepers," admitting expert testimony only if it is both reliable and relevant, to prevent speculative and unreliable testimony from reaching the jury. <u>Rink v. Cheminova, Inc.</u>, 400 F.3d 1286, 1291 (11th Cir. 2005). Specifically, the district court must consider whether 1) the expert is qualified to testify competently regarding the matters he intends to address; 2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in <u>Daubert</u>; and 3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. <u>City of Tuscaloosa v. Harcros Chems., Inc.</u>, 158 F.3d 548, 562-63 (11th Cir. 1998) (footnote omitted). In the Eleventh Circuit, these three considerations are known as "qualifications, reliability, and helpfulness," and must not be conflated by the district court. <u>U.S. v. Frazier</u>, 387 F.3d 1246, 1260 (11th Cir. 2004). The party offering the expert bears the burden of satisfying each of the three elements by a preponderance of the evidence. <u>Rink</u>, 400 F.3d at 1292 (citations omitted). The qualifications of Peter Coste and the helpfulness of his testimony are not at issue, only the reliability of his methodology .

In determining reliability, the Court may consider the following non-exclusive factors: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." <u>See</u> <u>McCorvey v. Baxter Healthcare Corp.</u>, 298 F.3d 1253, 1256 (11th Cir. 2002) (citing <u>Daubert</u>, 509

4

U.S. at 593-94). However, these factors are not the "definitive checklist or test" for reliability, see Daubert, 509 U.S. at 593, and in some cases, evidence which does not meet all or even most of these factors may still be admissible, because other factors may predominate. U.S. v. Brown, 415 F.3d 1257, 1267-68 (11th Cir. 2005).

In cases of fire investigations, most experts employ methods set forth in the Guide for Fire and Explosion Investigations, specifically, National Fire Protection Association Standard 921 ("NFPA 921") (ECF No 34-4). Report of James Crabtree, at 4 (ECF No. 34-7). It recommends following a systematic approach in fire investigations and suggests using the basic methodology of the scientific method. The steps of the scientific method are: (1) recognize the need; (2) define the problem; (3) collect data; (4) analyze the data; (5) develop a hypothesis (inductive reasoning); and (6) test the hypothesis (deductive reasoning). NFPA 921 § 4.3-4.3.6. This standard serves to guide the Court in determining the reliability of Coste's methodology.

When making this determination, the Court walks a fine line between acting as a gatekeeper in admitting expert testimony and acting as a finder of fact in weighing evidence presented by experts. The latter role would be an improper one for this Court. Though Defendant makes excellent points about the shortcomings of the Coste's analysis, the Court cannot exclude expert testimony merely because it is questionable. Indeed, the Daubert Court stated "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." 509 U.S. at 595.

In viewing the facts in a light most favorable to Plaintiff, the Court cannot say that Coste's testimony is inherently unreliable. He did conduct two visual inspections of the refrigerator, reviewed relevant materials such as the St. Lucie County Fire District Investigation Report, and

analyzed photographs of the fire scene. Report of Peter F. Coste, at 1 (ECF No. 34-2) ("Coste Report"). Coste's Report shows he did collect data, analyze data, and develop a hypothesis. Id. at 1-4. Coste also contends he "tested' the hypothesis through mental exercises. Coste Dep. 128: 12-17. He appears to have applied scientific principles and relied on his experience in fire investigations in concluding the ice maker was the point of origin of the fire. Coste Report, at 3. Though it would make for a much stronger case had he physically tested exemplars, or conducted any sort of physical testing, it is not for this Court to make determinations on the persuasiveness of this evidence. The Court also notes that it does retain discretion to exclude Coste's testimony once it has been presented to the jury.

    C.    <u>Summary Judgment Will Not Be Granted as a Sanction</u>

Defendant also moves for summary judgment because of the alleged evidence spoliation committed by Plaintiff with respect to critical evidence in this case. There is no argument that key evidence was destroyed and that Plaintiff's counsel did not instruct Plaintiff as to how to preserve his trailer home. Plaintiff argues that the spoliation was not committed intentionally, but negligently, and therefore sanctions should not be imposed. "The key to unlocking a court's inherent power [to impose sanctions for spoliation] is a finding of bad faith." <u>Barnes v. Dalton</u>, 158 F.3d 1212, 1214 (11th Cir. 1998). Though the record is saturated with negligence on the part of Plaintiff and Plaintiff's counsel with respect to preserving evidence, the Court cannot locate any direct or circumstantial evidence that would lead it to believe Plaintiff acted in bad faith. Thus, sanctions will not be imposed. However, if at any point during trial, evidence comes to light that would support a finding of bad faith, Defendant may move for sanctions.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion to Exclude Plaintiff's Expert and for Summary Judgment (ECF No. 34) is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED as to the dismissal of Counts III and IV of the Complaint. Counts III and IV are hereby DISMISSED WITH PREJUDICE. The Motion is DENIED as to the request for the exclusion of expert Coste and as to summary judgment.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of August, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record